**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
---------------------------------------------------------------x

NAJJA PLOWDEN,

                        **Plaintiffs,**                    **MEMORANDUM**
                                                      **AND ORDER**

      **-against-**                                        **17-cv-191 (NG)(RLM)**


**THE CITY OF NEW YORK et al.,**

                        **Defendants.**
---------------------------------------------------------------x

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

      Currently pending before this Court is plaintiff Plowden's Motion for Discovery (May

15, 2017) ("Pl. Motion"), Electronic Court Filing Docket Entry ("DE") #27-1, which is

opposed by defendants, <u>see</u> Letter Response to Plaintiff's May 15, 2017 Application (May 23,

2017) ("Def. Opp."), DE #33.[1] More specifically, plaintiff seeks an order directing defendants

to "(i) provide all documents reflecting IAB's investigation and findings concerning all

complaints against [defendant] Loweth identified by the City to date and (ii) provide all CCRB

documents concerning [a complaint involving a person jogging through the park after dark in

October 2015; and (iii) produce for the Court's] review *in camera* all other complaints against

---

[1] Asserting that "[a] brief reply is in order," <u>see</u> Reply (May 24, 2017) at 1, DE #34, plaintiff's counsel took it upon himself to file a not-so-brief letter that recycles many of the arguments he had previously advanced and repeatedly complains of defense counsel's "penchant for submitting materials by 'snail mail[,]'" rather than serving them electronically, <u>see</u> <u>id.</u> at 2. However, plaintiff's reply was *not* in order, as the Court's Individual Rules expressly incorporate Local Civil Rule 37.3, which makes clear that parties are not permitted to file reply submissions in connection with a discovery dispute "unless the Court has so directed." S.D.N.Y./E.D.N.Y. Local Civ. R. 37.3(c). As plaintiff did not seek and obtain permission to file a reply, his May 24th letter is deemed stricken. Regarding defense counsel's use of service by mail, the Federal Rules permit service by electronic means only if the person served has "consented in writing[.]" Fed. R. Civ. P. 5(b)(2)(E).

Loweth redacted by the City to date . . . ." Pl. Motion at 3. As discussed below, plaintiff's motion is granted in limited part only and denied in substantial part.

In a ruling issued on April 10, 2017, this Court directed defendants to produce "case summaries for all CCRB and IAB complaints of a similar nature (false arrest and/or challenged summons) against officer Loweth or implicating dishonesty – whether or not substantiated." Minute Entry (April 10, 2017), DE #24. In doing so, the Court denied plaintiff's request for production of the entire files of prior complaints and for production, or *in camera* inspection, of unredacted materials. Plaintiff's latest motion thus renews several requests that were previously litigated and rejected by the Court after hearing lengthy argument by counsel.

Defense counsel has represented to the Court that all the CCRB case summaries and NYPD/IAB closing reports that fall within the scope of the Court's April 10th order have now been produced to plaintiff's counsel. See Def. Opp. at 2. The only ambiguity that the Court perceives concerns the status of the complaint concerning the October 2015 incident. According to defense counsel, the CCRB reported that "it does not have any investigative file relating to the October 2015 incident [because it] referred the matter to the NYPD Office of Chief of the Department." Id. at 2. It is unclear what if anything became of that referral. Therefore, by June 1, 2017, defendants must advise the Court and defense counsel, via ECF, of the status of the resulting inquiry by that office and, if the inquiry has concluded, defendants must produce to plaintiff, by that same date, the corresponding case summary, closing report, or functional equivalent.

As for plaintiff's remaining requests, the Court declines to modify its rulings of April 10, 2017.

**SO ORDERED.**

**Dated: Brooklyn, New York**
**May 25, 2017**

/s/       *Roanne L. Mann*

**ROANNE L. MANN**
**CHIEF UNITED STATES MAGISTRATE JUDGE**